UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLIE M. CABRERA,<br><br>                Plaintiff,<br><br>        v.<br><br>CLARK COUNTY DETENTION CENTER, et al.,<br><br>                Defendant. | Case No. 2:12-cv-00918-MMD-CWH<br><br>ORDER |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed *in forma pauperis* (dkt. no. 1), a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion to appoint counsel (dkt. no. 2). This order addresses all three filings.

1. <u>Application to Proceed *In Forma Pauperis*</u>

The court finds that plaintiff is unable to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff still will need to pay the filing fee in full through monthly installment payments. 28 U.S.C. § 1915(b)(2).

2. <u>Complaint</u>

Plaintiff has stated a claim in count I against defendant Neville, but will need to amend his complaint to correct other deficiencies and to name the various John Doe and Jane Doe defendants.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff alleges that at all relevant times, he was an inmate at the Clark County Detention Center. In count I, plaintiff alleges that on September 5, 2011, defendant Neville, a correctional officer, slammed him into a concrete wall, injuring plaintiff's shoulders, left hip, and lower back. This use of force was in response to a comment that plaintiff made. Plaintiff's allegations, if true, state a claim that defendant Neville used excessive force upon plaintiff.

Also in count I, plaintiff alleges that an unnamed sergeant, John Doe #1, failed to supervise defendant Neville. "A supervisor cannot be held personally liable under § 1983 for the constitutional deprivations caused by his subordinates, absent his participation or direction in the deprivation." *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984) (citing *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980)). Plaintiff alleges only that John Doe #1 was talking with defendant Neville before Neville attacked plaintiff. In the amended complaint, plaintiff will need to allege facts that can show that John Doe #1 participated in or directed defendant Neville's attack upon plaintiff. Furthermore, plaintiff will need to provide the actual name of John Doe #1 before the action can proceed against him.

In count II, plaintiff alleges that after defendant Neville attacked him, he requested medical attention, but that unidentified nurses Jane Doe or John Doe #2 and #3 denied or ignored his requests. Plaintiff's allegations, if true, state a claim that these defendants

2

were deliberately indifferent to his medical needs. However, plaintiff will need to provide the actual names of these defendants before the action can proceed against them.

In both counts I and II, plaintiff alleges that an unidentified nurse, Jane Doe #1, documented plaintiff's injuries, but that is all that plaintiff has alleged about this nurse. In the amended complaint, plaintiff will need to allege facts to show that this nurse was deliberately indifferent toward his medical needs, or that this nurse violated any other right of plaintiff's. Furthermore, plaintiff will need to provide the actual name of Jane Doe #1 before the action can proceed against her.

Plaintiff seeks monetary damages. He has sued all defendants in their official and individual capacities, and he has sued the Clark County Detention Center. The Clark County Detention Center is a building, not an entity capable of being sued. For the purposes of this order, the court will assume that plaintiff intended to sue the Las Vegas Metropolitan Police Department, which operates the Clark County Detention Center. While individual-capacity actions seek to impose personal liability upon a government official for actions performed under color of state law, official-capacity actions generally represent another way of suing "an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1984) (quoting *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 n.55 (1978)). Again, that entity is the Las Vegas Metropolitan Police Department. To succeed with an official-capacity claim against defendants, plaintiff must prove that any constitutional violations that he suffered occurred as a result of an official policy or custom, *Monell*, 436 U.S. at 690, or through a failure to train municipal employees adequately, *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989). Plaintiff's allegations of excessive force and deliberate indifference do not indicate that defendant Neville and nurses Doe #2 and #3 acted because of official policy or custom of, or a failure to train by, the Las Vegas Metropolitan Police Department. In the amended complaint, plaintiff will need to allege such facts, or he will need to sue the defendants only in their individual capacities. Additionally, assuming that plaintiff can allege those facts, plaintiff will need to substitute the Las Vegas

Metropolitan Police Department for the Clark County Detention Center, if he can correct the other defects.

3. <u>Motion to Appoint Counsel</u>

Plaintiff requests that counsel be appointed to represent him.

> There is no constitutional right to appointed counsel in a § 1983 action. However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915[(e)(1)]. To decide whether these exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.

*Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (internal quotations and citations omitted), withdrawn on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The court finds that exceptional circumstances do not exist in this case, and the court denies the motion.

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* (dkt. no. 1) is GRANTED. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (inmate #1074067), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The clerk shall send a copy of this order to the finance division of the clerk's office. The clerk shall also send a copy of this order to the attention of the chief of inmate services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

1   IT IS FURTHER ORDERED that the clerk of the court shall file the complaint.

2   IT IS FURTHER ORDERED that the clerk shall send to plaintiff a civil rights complaint form with instructions. Plaintiff will have thirty (30) days from the date that this order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies. Failure to comply with this order will result in the dismissal of defendants Clark County Detention Center, John Doe #1, and Jane Doe #1 from this action.

   IT IS FURTHER ORDERED that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:12-cv-00918-MMD-CWH, above the word "AMENDED."

   IT IS FURTHER ORDERED that plaintiff's motion to appoint counsel (dkt. no. 2) is DENIED.

   DATED THIS 19th day of July 2012.

   _____
   UNITED STATES DISTRICT JUDGE