UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES M. CABRERA,            )<br>                                             )<br>            Plaintiff,             )<br>                                             )<br>vs.                                       )<br>                                             )<br>CLARK COUNTY DETENTION )<br>CENTER, et al.,                   )<br>                                             )<br>            Defendants.         )<br>_____)  | Case No.  2:12-cv-00918-APG-CWH<br><br>**ORDER AND REPORT AND**<br>**RECOMMENDATION** |

This matter is before the Court on Plaintiff's Amended Complaint (#10), filed on February 15, 2013. It is also before the Court on Plaintiff's Motion to Extend Time to Serve Complaint (#17), filed on October 23, 2013. The Court also considered Plaintiff's Response to Notice of Intent to Dismiss Pursuant to FRCP 4(m) (#18), filed on October 23, 2013.

**PROCEDURAL HISTORY**

Plaintiff filed a Motion/Application for Leave to Proceed *in forma pauperis* (#1) on May 31, 2012. The Court granted Plaintiff's Motion on July 19, 2013, but noted deficiencies in Plaintiff's complaint and ordered him to file an amended complaint within 30 days. *See* Order #3. Plaintiff failed to file an amended complaint within the allotted time. Accordingly, the Court dismissed Defendants Clark County Detention Center, John Doe #1, Jane Doe #1, and official-capacity claims against Defendants Neville, Jane Doe, John Doe #2, and John Doe #3. *See* Order #5. In addition, the Court ordered that summons be issued to only to Defendant Neville in his individual capacity. *Id*. On February 8, 2013, Plaintiff filed a Motion to Extend Time to Serve Complaint (#9). The Court granted the motion only to the extent that Plaintiff would have an additional 30 days to complete service. *See* Order #11. Subsequently, summons was issued to Las Vegas Metropolitan Police Department, Andrea Beckman, NaphCare Inc., and Neville, again, who are named in the Amended Complaint. *See* Summons Issued #14 and #15. Finally, Plaintiff filed a

Second Motion to Extend Time to Serve Complaint (#17) on October 23, 2013.  The Court will first review Plaintiff's Amended Complaint and then address his request for additional time to complete service.

## DISCUSSION

### I.  Screening the Amended Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a).  Specifically, federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in this case. Therefore, in an amended complaint, each claim and the involvement of the defendant must be sufficiently alleged.

### A.     Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff asserts damages of $5 million in his complaint. However, Plaintiff and Defendants appear to be Nevada citizens so there is no diversity jurisdiction in this case.

### B.     Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question

jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, Plaintiff alleges civil rights violations under 42 U.S.C. § 1983 based on excessive use of force and deliberate indifference to medical needs in violation of the Eighth and Fourteenth Amendments. In addition, Plaintiff seeks review of a decision made by the Citizen Review Board.

### 1. Excessive Use of Force

Upon review of the Complaint, it appears as though Plaintiff is alleging excessive use of force against the Las Vegas Metropolitan Police Department and Officer Jessie Neville in both official and individual capacities.[1]

The Court previously instructed Plaintiff that the Las Vegas Metropolitan Police Department ("Metro") should be substituted for the Clark County Detention Center as the entity to be sued in this action alleging excessive use of force. *See* Order #3, 3. Although Plaintiff made that substitution, he again failed to state a claim for relief against Metro. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality could be held liable under Section 1983 if an official policy or custom directly caused the violation of an individual's constitutional rights. However, a municipality cannot be held liable simply because it employs an officer who commits a constitutional tort. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir.1995) (citing *Monell*, 436 U.S. at 690–91, 98 S.Ct. 2018). Such discretionary actions of municipal employees, even when unconstitutional, generally are not chargeable to the municipality under Section 1983. *Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992).

To impose 1983 liability on a local governmental entity, such as Metro in this case, a plaintiff must establish "(1) that he possessed a constitutional right of which he was deprived; (2)

---

[1] It is not entirely clear whether Plaintiff is a pretrial detainee or a prisoner. In the first situation, Plaintiff's claim for excessive use of force falls under the due process clause of the 14th Amendment while in the second situation, Plaintiff's claim falls under the 8th Amendment's prohibition of cruel and unusual punishment against a person convicted of crime. Given that the Court's prior screening order found Plaintiff provided sufficient facts to state a claim for relief, the Court will assume that Plaintiff is a prisoner and the 8th Amendment applies.

that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389–91 (1989)). A plaintiff cannot prove the existence of a municipal policy or custom based only on the occurrence of a single constitutional violation by a law enforcement officer. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989). However, a policy "may be inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" *Nadell v. Las Vegas Metro. Police Dept.*, 268 F.3d 924, 929 (9th Cir. 2001) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992)).

A plaintiff need not show that a municipality affirmatively encouraged officers to take the lives of citizens; rather a municipality may be liable under Section 1983 for constitutional injuries inflicted by its officers if it fails to adequately guard against such injuries through training and supervision. *See City of Canton*, 489 U.S. at 388. The need for more or different training may be so obvious, and the inadequacy so likely to result in violations of constitutional rights, that the municipality may be said to have displayed "deliberate indifference." *Id.* at 390. A municipality will be held to a "constructive notice" standard for failing to take corrective measures where information about officer misconduct plainly indicates a need for such measures. *See Paiva*, 939 F.Supp. 1493–94.

Here, Plaintiff generally alleges that Officer Jessie Neville attacked him and Metro should be liable for his actions as they were committed in his managerial capacity and within the scope of his employment. However, Plaintiff did not plead facts sufficient to establish that Metro knew that the inadequacy of its training and supervision was likely to result in constitutional violations and took no corrective action. In *Nadell v. Las Vegas Metropolitan Police Department*, 268 F.3d 924, 929 (9th Cir. 2001), Metro was similarly charged with liability for the use of excessive force by its officers. The Ninth Circuit held that although the officers were personally liable for their actions, Metro could not be held responsible because the plaintiff did not present any evidence that the use of excessive force was "a widespread practice of the LVMPD or that previous constitutional

violations had occurred for which the offending officers were not discharged or reprimanded." *Id.* at 930. Similarly, Plaintiff has failed to plead sufficient facts to establish the existence of Metro policy that would overcome the immunity issue. Plaintiff was already given a chance to amend his complaint to correct this deficiency so the Court will recommend that Metro be dismissed with prejudice.

In addition to Metro, Plaintiff also asserts a claim against Officer Jessie Neville in his official and individual capacities. The Court previously dismissed the official capacity claim against Neville. Plaintiff has presented no facts to warrant reconsideration of that decision so the official capacity claim against Neville is dismissed. The Court also previously found that Plaintiff stated sufficient facts to proceed with a claim against Neville in his individual capacity. Therefore, additional screening of the excessive use of force claim against Neville in his individual capacity is not needed. In conclusion, with respect to Plaintiff's excessive use of force claim against Metro and Neville, the Court finds that Plaintiff has provided sufficient facts to proceed with his claim of excessive use of force with respect to Defendant Neville, in his individual capacity, only.

### 2.     Deliberate Indifference to Medical Needs

In the Amended Complaint, Plaintiff also alleges that NaphCare, Inc. was deliberately indifferent to his medical needs by refusing several requests for medical treatment following the September 2011 incident. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id.* at 106. The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and

disregards an excessive risk to inmate health or safety." *Id.*

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06.  Delay of, or interference with, medical treatment can amount to deliberate indifference.  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).  Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury.  *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Here, Plaintiff alleges that he was refused medical treatment from September 5, 2011 through September 20, 2011.  He contends that his shoulders and lower back continue to cause him pain, stiffness, and immobility.  The Court previously found that Plaintiff's allegations, if true, state a claim for deliberate indifference to medical needs.  *See* Order #3, 3.  Accordingly, the Court finds that Plaintiff has stated sufficient facts to proceed with his claim against NaphCare.

### 3. Review of Citizen Review Board Decision

Plaintiff seeks review of a decision of the Citizen Review Board and Metro's Internal Affairs regarding his complaint of excessive use of force by Neville.  Plaintiff has cited no authority to establish that the Court has jurisdiction to review a decision made by the Citizen Review Board.  Accordingly, the Court will recommend dismissal of this claim and of Defendants Citizen Review Board and Andrea S. Beckman, who is named as Executive Director of the Citizen Review Board.

**II.    Motion to Extend Time to Complete Service**

1    Plaintiff requests additional time to complete service. Given that the Court has now
2 completed its screening of the Amended Complaint, the Court finds that an extension of time to
3 complete service on Defendants Neville and NaphCare is warranted under Federal Rule of Civil
4 Procedure 4(m). However, the Court will deny Plaintiff's request for an extension of time to
5 complete service on Defendants Las Vegas Metropolitan Police Department, Citizen Review
6 Board, and Andrea Beckman because the Court finds that Plaintiff has failed to state a claim for
7 relief against those defendants.
8    Based on the foregoing and good cause appearing therefore,

### ORDER

10   **IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Time to Serve Complaint
11 (#17) is **granted in part and denied in part**. Specifically, the Clerk of the Court shall file the
12 Amended Complaint (#10) and shall issue summons to Defendants Neville and NaphCare only and
13 deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to
14 furnish the U.S. Marshal with the required Form USM–285. Within twenty days after receiving
15 from the U.S. Marshal a copy of the Form USM–285, showing whether service has been
16 accomplished, Plaintiff must file a notice with the court identifying whether the defendants were
17 served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion
18 must be filed with the court identifying the unserved defendant and specifying a more detailed
19 name and/or address for said defendant, or whether some other manner of service should be
20 attempted. Pursuant to rule 4(m) of the Federal Rules of Civil Procedure, service must be
21 accomplished within 120 days from the date this order is entered.
22   **IT IS FURTHER ORDERED** that, from this point forward, Plaintiff shall serve upon
23 Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every
24 pleading motion or other document submitted for consideration by the court. Plaintiff shall
25 include, with the original papers submitted for filing, a certificate stating that a true and correct
26 copy of the document was mailed to Defendants or counsel for Defendants. The Court may
27 disregard any paper received by a District Judge or Magistrate Judge that has not been filed with
28 the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to

include a certificate of service.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendants Las Vegas Metropolitan Police Department, Citizen Review Board, and Andrea Beckman be dismissed with prejudice because Plaintiff failed to state a claim upon which relief can be granted and amendment would be futile.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 30th day of October, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**