UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES M. CABRERA, | ) |
| Plaintiff, | ) Case No. 2:12-cv-00918-APG-CWH |
| vs. | ) **ORDER** |
| CLARK COUNTY DETENTION CENTER, *et al.*, | ) |
| Defendants. | ) |

This matter came before the Court on Plaintiff's Motion for Production of Missing Documents (#61), filed on July 3, 2014. The Court also considered Defendant's Response (#62), filed on July 21, 2014. This matter is also before the Court on Plaintiff's Motion to Investigate Officer Neville's False Police Report and Cover-Up (#63), filed on July 30, 2014.

Plaintiff filed three requests for production of documents for the following information: Defendant Neville's disciplinary work history, video surveillance of the incident, and a report of Sergeant Horschmann. He contends that Defendant Neville failed to produce the requested documents. Accordingly, Plaintiff requests that the Court order Las Vegas Metropolitan Police Department and Clark County Detention Center or produce the requested files.

In response, Defendant Neville contends that he timely responded to Plaintiff's requests even though they were not directed to him, but rather, were directed to two dismissed defendants. Further, Defendant Neville argues that Plaintiff failed to satisfy Local Rule 26-7's meet and confer requirement prior to filing a motion to compel and failed to specify how Defendant Neville's responses were deficient. Also, Defendant Neville asserts that Plaintiff failed to follow the correct procedure specified by NDOC Administrative Policies to obtain the video surveillance, but would not oppose Plaintiff obtaining the video surveillance by complying with that procedure.

The Court finds that Plaintiff failed to comply with Local Rule 26-7's meet and confer requirement.  Plaintiff did not provide a certification that after personal consultation and sincere effort, he failed to resolve this discovery dispute with Defendant Neville.  The Court understands that Plaintiff is incarcerated and therefore, in-person consultation is likely not feasible.  However, Plaintiff cannot ignore Local Rule 26-7's requirement to meet and confer.  Further, Plaintiff's three requests are directed to Defendant Neville.  Defendant Neville's responses indicate that the documents requested are not in his possession and reasonably direct Plaintiff to the sources from which he can obtain the documents.  Additionally, it appears as though Plaintiff has made no effort to obtain the requested documents from dismissed defendants Las Vegas Metropolitan Police Department and Clark County Detention Center, such as, through a Federal Rule of Civil Procedure 45 subpoena.  Moreover, Plaintiff failed to follow the required NDOC policy to acquire the video surveillance.  Accordingly, the Court will deny his Motion (#61) without prejudice based on these deficiencies.

Finally, Plaintiff's Motion (#63) requesting an investigation fails to cite appropriate points and authorities as required by Local Rule 7-2 in order to grant the requested relief.  He appears to be requesting that the Court instigate an investigation into whether a cover-up occurred.  There is no basis for this relief and the Court will deny Plaintiff's Motion (#63).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Production of Missing Documents (#61) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Investigate Officer Neville's False Police Report and Cover-Up (#63) is **denied**.

DATED this 5th day of August, 2014.

                                                                             _____  
                                                                             **C.W. Hoffman, Jr.**  
                                                                             **United States Magistrate Judge**