# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARLES M. CABRERA,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, OFFICER JESSIE NEVILLE, and NAPHCARE, INC.,<br><br>Defendants. | Case No. 2:12-cv-00918-RFB-CWH<br><br>**ORDER**<br><br>Defendant Jessie Neville's and Defendant Las Vegas Metropolitan Police Department's Motions to Dismiss (Dkt. Nos. 24 & 37) |

## I. INTRODUCTION

Before the Court are two motions to dismiss, one filed by Defendant Jessie Neville (Dkt. No. 24) and the other filed by Defendant Las Vegas Metropolitan Police Department ("LVMPD") (Dkt. No. 37). Upon consideration of the motions and supplemental pleadings on file, LVMPD's motion to dismiss is granted. Neville's motion to dismiss is granted in part and denied in part.

## II. BACKGROUND

Plaintiff Charles Cabrera brought his amended civil rights Complaint pursuant to 42 U.S.C. § 1983 against Defendants Neville, LVMPD, NaphCare, Inc. ("NaphCare"), the Citizen Review Board, and Andrea Beckman alleging the violation of his Eighth Amendment and Fourteenth Amendment rights. In his Complaint, Cabrera alleges that on September 5, 2011, while in custody at Clark County Detention Center (CCDC), he sustained injuries as the result of excessive force used by Neville, a correctional officer at CCDC. Cabrera claims that Neville was

1  demanding to know who had been singing or humming while a sergeant was present and that
2  Cabrera asked why he and the other inmates were being treated like children. Cabrera alleges
3  that Neville then grabbed Cabrera from behind, slammed him against a concrete wall or ledge,
4  and placed his arm across Cabrera's neck and pushed into Cabrera with his body weight, causing
5  injuries to Cabrera's lower back, shoulders and left hip. The Amended Complaint states that
6  Cabrera was subsequently denied medical care for his injuries from September 5, 2011 until
7  September 20, 2011 and that he continues to suffer from his injuries.

8  Cabrera alleges three separate counts in his Amended Complaint. Count One alleges a
9  violation of his Fourteenth Amendment right to due process based on excessive force, and is
10 asserted against Neville, LVMPD, the Citizen Review Board, and Beckman. Count Two alleges
11 a violation of his Eighth Amendment right against cruel and unusual punishment based on the
12 use of excessive force by Neville and deliberate indifference to Cabrera's medical needs by
13 LVMPD and NaphCare. Count Three alleges another Eighth Amendment violation against
14 LVMPD and NaphCare for the refusal to provide adequate medical treatment.

15 On October 30, 2013, the Magistrate Court entered an Order and Report and
16 Recommendation (Dkt. No. 19) which recommended that LVMPD, the Citizen Review Board,
17 and Andrea Beckman be dismissed with prejudice on the grounds that Cabrera failed to state a
18 claim against them upon which relief can be granted and amendment would be futile. The Court
19 accepted and approved the Report and Recommendation in its entirety on December 9, 2013
20 (Dkt. No. 23).

21 Neville filed a motion to dismiss on December 10, 2013 (Dkt. No. 24), arguing that he
22 should be dismissed from Count Two because Cabrera's excessive force claim is properly
23 analyzed under the Fourteenth Amendment, not the Eighth. Neville also argues that he should be
24 dismissed from Count Three because Cabrera did not allege that Neville had any involvement
25 with his medical treatment or requests for treatment. In response, Cabrera argues that Neville
26 should not be dismissed from Count Two because Cabrera was in fact convicted at the time of
27 the alleged use of force, thus making the Eighth Amendment applicable to his claim. Cabrera did
28 not respond to Neville's argument that he should be dismissed from Count Three. In reply,

1  Neville claims that in light of Cabrera's statement that he was convicted as of the date the claim
2  arose, Neville should be dismissed from Count One because the Fourteenth Amendment does not
3  apply to excessive force claims brought by convicted prisoners.
4        On March 3, 2014, LVMPD was served with a summons and a copy of Cabrera's
5  Amended Complaint (Dkt. No. 36). LVMPD filed a motion to dismiss (Dkt. No. 37), arguing
6  that it had already been dismissed from the case with prejudice pursuant to this Court's Order
7  (Dkt. No. 23) and that Cabrera's method of service was improper.

### III.    LEGAL STANDARD

      An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). In addition, documents filed by a plaintiff who is proceeding without counsel (as is the case here) must be liberally construed, and a pro se complaint must be "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal citations and quotation marks omitted); see also Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).

      To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held

1   that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that,
2   together with reasonable inferences from those facts, are "plausibly suggestive of a claim
3   entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### IV.   DISCUSSION

There are two motions to dismiss presently before the Court. The Court will first decide LVMPD's motion, followed by that of Neville.

#### A.  LVMPD's Motion to Dismiss

Pursuant to the Court's previous Order (Dkt. No. 23) adopting the Report and Recommendation (Dkt. No. 19), LVMPD was dismissed with prejudice from this case at the screening stage because Neville failed to state a claim against it upon which relief could be granted and because, Cabrera already having been previously given an opportunity to amend, the Court determined that further amendment would be futile. See Order (Dkt. No. 19) at 4-6, 9; Order (Dkt. No. 23) at 2. Accordingly, Cabrera is barred from reasserting his claims against LVMPD in this action. Because LVMPD has already been dismissed with prejudice, granting a second motion to dismiss is not necessary to effect the Court's decision; however, the Court will do so in the interest of clarity.

#### B.  Neville's Motion to Dismiss

In his brief, Neville initially argued that he should be dismissed from Counts Two and Three because the Fourteenth Amendment provides the proper recourse for a pretrial detainee and because he was not alleged to have had any part in Cabrera's medical care or treatment. Following Cabrera's opposition brief arguing that he was already convicted at the time of the alleged use of force, Neville argues that he should be dismissed from Count One instead of Count Two, as excessive force as applied against convicted prisoners is analyzed under the Eighth Amendment instead of the Fourteenth.

The parties' submissions encourage the Court to consider material outside of the pleadings to decide the motion to dismiss regarding Neville. "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (quotation and citation omitted); see also Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996) (a Rule 12(b)(6) motion to dismiss must be treated as a Rule 56 motion for summary judgment if the court relies on materials outside the pleadings submitted by either party to the motion to dismiss). The Court is not treating the motion to dismiss as a motion for summary judgment and is therefore not considering material presented outside of the pleadings. The analysis here will be focused on whether Cabrera's Amended Complaint itself, not the supplemental facts alleged in the briefs relating to the motion to dismiss, states a claim upon which relief can be granted. There are exceptions to this rule for extrinsic material properly submitted as part of the complaint and for the taking of judicial notice of matters of public record. Id. at 688-89. The Court finds, however, that the extrinsic documents appended by Cabrera in his opposition to the motion to dismiss—consisting of his medical request and grievance history, correspondence with the Citizen Review Board, and the affidavit of Gonzalo Lopez—are not documents "properly submitted as part of the complaint," as the sufficiency of the complaint does not necessarily turn on them. Id. at 688 (quotation and citation omitted). The Court also declines to take judicial notice of the fact of Cabrera's conviction or his date of conviction. While Cabrera alleged in his opposition brief that he was convicted as of the time of the alleged use of force, neither party has included any documentary evidence of the conviction. See Fed. R. Evid. 201(c) (stating that the court "may take judicial notice on its own," but "must take judicial notice if a party requests it and the court is supplied with the necessary information."). At this early stage of the case, therefore, the Court will not look beyond the pleadings and will base its decision on the facts alleged in Cabrera's Amended Complaint.

Turning to the Amended Complaint itself, there is some redundancy in Counts Two and Three. While Count Two expressly states that Cabrera's Eighth Amendment rights have been violated, his allegations focus predominantly on Neville's use of force, with one paragraph

alleging deliberate indifference to his injuries by LVMPD and NaphCare. Count Three does not specifically refer to the Eighth Amendment, but deals entirely with LVMPD and NaphCare's failure or refusal to treat his medical needs. As Cabrera is proceeding without counsel, the Court must construe his complaint liberally. Further, "[p]leadings must be construed so as to do justice," Fed. R. Civ. P. 8(e), and "need suffice only to put the opposing party on notice of the claim." Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957), abrogated on other grounds by Twombly, 550 U.S. at 560-63). In light of these pleading standards, the Court determines that Count Two of Cabrera's complaint is properly viewed as an excessive force claim under the Eighth Amendment against Neville, while Count Three alleges an Eighth Amendment claim for deliberate indifference to Cabrera's medical needs against LVMPD (which is no longer a party to this action) and NaphCare. This reading of Cabrera's Amended Complaint comports with Neville's understanding and, thus, there is no danger that any opposing party was not on notice of the claims as now construed by the Court.

The Eighth Amendment is the "primary source of substantive protection to convicted prisoners" in excessive force cases. Whitley v. Albers, 475 U.S. 312, 327 (1986); see also Graham v. Connor, 490 U.S. 386, 394 (1989) (in a § 1983 claim for excessive force, "analysis begins by identifying the specific constitutional right allegedly infringed," and the Eighth Amendment standard governs a convicted prisoner's right to be free from such force). On the other hand, the Due Process Clause of the Fourteenth Amendment provides pretrial detainees with constitutional protection against excessive force. See Graham, 490 U.S. at 395 n.10 ("It is clear . . . that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment. After conviction, the Eighth Amendment serves as the primary source of substantive protection . . . .") (quotation and citations omitted). Thus, the ultimate factual determination of Cabrera's status as either a pretrial detainee or convicted prisoner or both will determine the applicable standard for evaluating his respective claims.

However, the Court finds that it is unnecessary to decide this factual issue at this time. In his Amended Complaint, Cabrera states only that he was "in protective custody," Amended Complaint at 3. The Court finds that for the purposes of this motion, and particularly in light of

the fact that Cabrera is proceeding without counsel, the term "protective custody" as used by Cabrera encompasses both pretrial detention and post-conviction incarceration. Thus, at the motion to dismiss stage, Counts One and Two of the Amended Complaint both state claims upon which relief can be granted. See Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims . . . as it has, regardless of consistency."); Total Coverage, Inc. v. Cendant Settlement Servs. Grp., Inc., 252 F. App'x 123, 126 (9th Cir. 2007) ("A pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case.") (internal quotations and citations omitted).

The Court now turns to Count Three. To the extent that Cabrera intended to state a claim against Neville for deliberate indifference, Cabrera has not alleged sufficient facts to state a claim upon which relief can be granted. Count Three alleges that LVMPD and NaphCare violated Cabrera's Eighth Amendment rights by refusing to treat, or being deliberately indifferent to, his medical needs. Cabrera does not allege that Neville had any involvement in providing or failing to provide medical care to Cabrera. He also does not allege that Neville had any responsibility to respond to Cabrera's requests for medical care or that Neville had any responsibility to ensure that Cabrera received treatment. Count Three as alleged against Neville, even liberally construed, is merely a conclusory allegation that he violated Cabrera's Eighth Amendment rights by failing to provide medical treatment, without any supporting facts that would enable a court to reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). Cabrera has thus failed to state a claim against Neville on Count Three.

### IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant LVMPD's motion to dismiss (Dkt. No. 37) is **GRANTED**. The Court reiterates its previous Order that LVMPD is dismissed from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendant Jessie Neville's motion to dismiss (Dkt. No. 24) is **DENIED** with respect to Counts One and Two and **GRANTED** without prejudice

with respect to Count Three. Because "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs," Lira v. Herrera, 427 F.3d 1164, 1176 (9th Cir. 2005) (internal quotations and citations omitted), the Court will grant Cabrera leave to amend his complaint. Cabrera shall have until November 6, 2014 to amend his complaint with evidence sufficient to state a claim against Neville for deliberate indifference. If he does not do so, Count Three as alleged against Neville shall be dismissed with prejudice.

**DATED** this 1st day of October, 2014.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**