UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHARLES M. CABRERA,<br><br>                    Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, OFFICER JESSIE NEVILLE, and NAPHCARE, INC.,<br><br>                    Defendants. | Case No. 2:12-cv-00918-RFB-CWH<br><br>**ORDER**<br><br>Plaintiff Charles M. Cabrera's Motion for Default Judgment (ECF No. 40) |

**I.     INTRODUCTION**

Before the Court is Plaintiff Charles Cabrera's Motion for Default Judgment (ECF No. 40). Upon consideration of the motions and supplemental pleadings on file, Plaintiff's motion is denied.

**II.    BACKGROUND**

Plaintiff Charles Cabrera brought this amended civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Jessie Neville, the Las Vegas Metropolitan Police Department ("LVMPD"), NaphCare, Inc. ("NaphCare"), the Citizen Review Board, and Andrea Breckman, alleging the violation of his Eighth Amendment and Fourteenth Amendment rights. In his Amended Complaint, Cabrera alleges that on September 5, 2011, while in custody at Clark County Detention Center (CCDC), he sustained injuries as the result of excessive force used by Neville, a correctional officer at CCDC. Cabrera claims that Neville was demanding to know who had been singing or humming while a sergeant was present and that Cabrera asked why he and the other inmates were being treated like children. Cabrera alleges that Neville then grabbed Cabrera from behind, slammed him against a concrete wall or ledge, and placed his arm across

1  Cabrera's neck and pushed into Cabrera with his body weight, causing injuries to Cabrera's
2  lower back, shoulders and left hip. The Amended Complaint states that Cabrera was
3  subsequently denied medical care for his injuries from September 5, 2011 until September 20,
4  2011 and that he continues to suffer from his injuries.

5  Cabrera alleges three separate counts which the Court has liberally construed as follows:
6  (1) violation of his Fourteenth Amendment right to due process, which appears to be asserted
7  against Neville, LVMPD, and Breckman; (2) violation of his Eighth Amendment right to be free
8  from cruel and unusual punishment, which appears to assert the use of excessive force by Neville
9  and deliberate indifference to Cabrera's medical needs by LVMPD and NaphCare; and (3) the
10 refusal to provide adequate medical treatment by LVMPD and NaphCare. See Order at 2, 5-6,
11 Oct. 1, 2014, ECF No. 75.

12 On March 20, 2014, Cabrera filed the instant Motion for Default Judgment against
13 NaphCare, alleging that he duly served the summons and complaint on NaphCare at their
14 headquarters in Birmingham, Alabama via certified mail on October 30, 2013 and February 9,
15 2014 and that NaphCare had failed to file any response. In addition, a USM-285 Receipt of
16 Process form on file with the court shows that the U.S. Marshals successfully served process on
17 NaphCare at their Alabama headquarters on December 4, 2013. See Executed Summons, filed
18 Jan. 9, 2014, ECF No. 29.

19 Upon the filing of the motion for default judgment, NaphCare immediately made a
20 special appearance in this court for the purpose of opposing the motion and filed its response on
21 March 21, 2014. See Def. NaphCare's Resp. Mot. Default J., ECF No. 41. NaphCare argues that
22 it was not served properly according to the Federal Rules of Civil Procedure and Nevada state
23 law. NaphCare also claims that its Nevada counsel twice sent letters to Cabrera informing him
24 that he had not served NaphCare properly because NaphCare has a designated agent for service
25 of process in the State of Nevada. Due to this alleged improper service, NaphCare claims that
26 this court lacks jurisdiction over NaphCare and thus cannot enter a default judgment against it.

27 On September 30, 2014, the Court held a hearing on Neville and LVMPD's Motions to
28 Dismiss (ECF Nos. 24, 37) and Cabrera's Motion for Default Judgment, which is currently

before the Court. At the hearing, the Court granted LVMPD's Motion to Dismiss and granted in part and denied in part Neville's Motion to Dismiss. See Order, Oct. 1, 2014, ECF No. 75. At the hearing, the Court also heard oral argument from NaphCare regarding the issue of whether to enter default or default judgment against NaphCare. The Court ordered NaphCare to submit additional briefing within one week as to (1) whether a default should be entered against NaphCare, (2) whether such default, if entered, should be set aside, and (3) whether the Court should enter default judgment against NaphCare if default is entered. NaphCare submitted this additional briefing on October 7, 2014. See Def. NaphCare's Brief on Mot. Default J., ECF No. 77 ("NaphCare Default Brief"). NaphCare also filed its answer to Cabrera's Amended Complaint on the same date, in which it stated that it did not waive any arguments regarding incomplete service of the summons and Amended Complaint upon it, but was waiving any such defects in service in order that the case may be litigated on its merits. See Def. NaphCare's Answer, ECF No. 78.

In its briefing regarding the issue of whether default should be entered, NaphCare argues that service was not properly made upon NaphCare under either Nevada or Alabama law, as required by Rule 4 of the Federal Rules of Civil Procedure; that there was no substantial compliance with Rule 4; and that even if there was substantial compliance under Alabama law, service in Alabama is not proper without strict compliance. NaphCare also argues that, if default is entered against it, good cause exists to set aside the entry of default. Finally, NaphCare contends that the entry of a default judgment is precluded by 42 U.S.C. § 1997e(g) and that the factors set forth in Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986) weigh against entering default judgment.

**III.   DISCUSSION**

Because the decision of whether to enter a default or default judgment turns in part on whether service was effective upon NaphCare, the court will analyze the issue of service before deciding the motion for default judgment.

**A. Service of Process**

1  Federal Rule of Civil Procedure 4(h)(1) states that a corporation must be served in the
2  manner that individuals are served pursuant to Rule 4(e)(1) or by "delivering a copy of the
3  summons and of the complaint to an officer, a managing or general agent, or any other agent
4  authorized by appointment or by law to receive service of process . . . ." Rule 4(e)(1) provides
5  that an individual can be served by following the law governing service of process "in the state
6  where the district court is located or where service is made," or by personal delivery, leaving
7  service at the individual's dwelling with a person of suitable age and discretion residing there, or
8  delivering service to an agent "authorized by appointment or by law to receive service of
9  process."

10  The Court first looks to the law on service of process in Nevada, the state where the
11  Court is located. The Nevada Rules of Civil Procedure generally do not allow for service by mail
12  to Nevada corporations; service must be made to the corporation's registered agent or to any
13  officer of the corporation. Nev. R. Civ. P. 4(d)(1). However, the Court must also examine the
14  service rules in Alabama, which is "the state . . . where service is made," Fed. R. Civ. P. 4(e)(1).
15  Alabama allows for service by certified mail, see Ala. R. Civ. P. 4(i)(2), and states that process
16  must be served upon corporations "by serving an officer, a partner (other than a limited partner),
17  a managing or general agent, or any agent authorized by appointment or by law to receive
18  service of process." Ala. R. Civ. P. 4(c)(6). Service by certified mail in Alabama also requires
19  that the party filing process use a copy of the complaint obtained from the clerk; request a return
20  receipt to the clerk with identifying case number; provide instructions to the postal employee to
21  show to whom delivered, the date of delivery, and the address where delivered; and immediately
22  upon mailing file an affidavit with the court verifying that the mailing was done in accordance
23  with the Alabama Rules. Ala. R. Civ. P. 4(i)(2).

24  Based upon the record before the Court, it is clear that Cabrera made several attempts to
25  serve NaphCare. The record demonstrates that service was attempted or made upon NaphCare at
26  least two times: by certified mail on October 30, 2013 (ECF No. 20) and by the U.S. Marshal on
27  December 4, 2013 (ECF No. 29). After the first certified mailing, counsel for NaphCare wrote a
28  letter to Cabrera informing him that NaphCare had in fact received the Summons and Amended

1  Complaint but that "mailing such documents, even by certified mail, does not constitute proper
2  service." See Def. NaphCare's Resp. Mot. Default J. Ex. A, ECF No. 41. Twice more, on
3  February 6, 2014 and February 24, 2014, NaphCare wrote letters to Cabrera reiterating its
4  contention that service was not properly made. See id. at Ex. B, C. In the third letter, counsel for
5  NaphCare denies that NaphCare was served by the U.S. Marshal at its headquarters. Id. at Ex. C.

6  A federal court does not have jurisdiction over a defendant unless that defendant has been
7  served properly. Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir.1982). Absent substantial
8  compliance with Rule 4, "neither actual notice nor simply naming the defendant in the complaint
9  will provide personal jurisdiction." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir.1986). However,
10 "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient
11 notice of the complaint," and even if a complaint fails to name a defendant or contains facial
12 errors, "dismissal is generally not justified absent a showing of prejudice." United Food &
13 Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir.1984). The Rules
14 governing service of process "are to be applied in a manner that will best effectuate their purpose
15 of giving the defendant adequate notice. . . . Generally, service is sufficient when made upon an
16 individual who stands in such a position as to render it fair, reasonable and just to imply the
17 authority on his part to receive service." Direct Mail Specialists, Inc. v. Eclat Computerized
18 Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) (citations and quotations omitted).

19 The Court finds that there has been effective service on NaphCare. First, the record
20 contains an executed proof of service form filed by the U.S. Marshal on December 4, 2013.
21 While NaphCare contends that it was never served by the U.S. Marshal, the Court observes that
22 the Marshal returned a signed USM-285 form verifying that NaphCare was personally served at
23 its Birmingham headquarters. See Executed Summons, filed Jan. 9, 2014, ECF No. 29.[1] Further,
24 even if the Marshal did not leave the summons and complaint with an officer of NaphCare,

---

[1] In its brief, NaphCare also argues that it is possible that the U.S. Marshal attempted service by certified mail as evidenced by the fact that the envelope received by NaphCare on December 9, 2013 indicates that the sender may have been connected to the Department of Justice. See NaphCare Default Brief, Ex. B. However, the USM-285 proof of service form indicates that NaphCare was personally served by the U.S. Marshal at its headquarters in Birmingham on December 4, 2013. The Court has not received any information from the U.S. Marshal that would controvert the USM-285 form.

1  "service of process is not limited solely to officially designated officers, managing agents, or
2  agents appointed by law for the receipt of process. The rules are to be applied in a manner that
3  will best effectuate their purpose of giving the defendant adequate notice. Thus, the service can
4  be made upon a representative so integrated with the organization that he will know what to do
5  with the papers." Direct Mail Specialists, 840 F.2d at 688 (citations omitted) (internal quotation
6  marks omitted). The affidavit of service by the Marshals is compelling and substantial evidence
7  of service in this case.

8  Second, the Court finds that service has been effective because NaphCare has received
9  "sufficient notice of the complaint." This is evident by the three letters from NaphCare counsel
10  to Cabrera regarding the service, particularly its December 20, 2013 letter in which it
11  acknowledged its receipt of the summons and Amended Complaint. See Def. NaphCare's Resp.
12  Mot. Default J. Ex. A-C. Indeed, all three of these letters state that service cannot be effected by
13  certified mail—a statement which is inaccurate under Alabama law. Whether as a result of
14  Cabrera's mailing(s) or the personal service by the U.S. Marshal, it is clear that the summons and
15  Amended Complaint were received by a representative of NaphCare who knew "what to do with
16  the papers." Id.

17  Third, while the Court cannot say from the record before it that Cabrera's attempts to
18  serve NaphCare complied fully with Alabama law, the Court nonetheless finds that there was
19  substantial compliance with Rule 4 in this case. It is clear that Cabrera repeatedly made efforts to
20  serve NaphCare via regular or certified mail and that the U.S. Marshal served NaphCare,
21  resulting in NaphCare receiving actual notice of the summons and Amended Complaint as early
22  as December 20, 2013. Further, NaphCare has offered no evidence that it was prejudiced by any
23  lack of compliance with Rule 4 or Alabama law. See Straub v. Green, Inc., 38 F.3d 448, 453 (9th
24  Cir. 1994) (adopting a substantial compliance test akin to that of Fed. R. Civ. P. 4 for the Foreign
25  Sovereign Immunities Act and stating that in such a test, "the pivotal factor is whether the
26  defendant receives actual notice and was not prejudiced by the lack of compliance . . . .").

27  The Court thus makes the determination that there was substantial compliance with Rule
28  4, that NaphCare had actual notice of the summons and Amended Complaint, and that service is

- 6 -

thus effective on NaphCare. However, given NaphCare's apparent confusion as to the service requirements under Alabama law, the Court exercises its discretion to set the date of service to September 30, 2014, the date of the hearing on the instant motion, with the admonishment that NaphCare be more mindful in the future of the rules governing service of process.

Under the Federal Rules, a defendant must file an answer or otherwise respond within 21 days of being served with the summons and complaint. Fed. R. Civ. P. 12(a). NaphCare filed its answer to the Amended Complaint on October 7, 2014, see ECF No. 78, and also waived any defects in service in this action. See Def. NaphCare's Resp. Mot. Default J. at 20 n.5. Cabrera's claim against NaphCare may thus proceed to be litigated on its merits.

### B. Motion for Default Judgment

Cabrera contends that because service was made upon NaphCare by certified mail on October 30, 2013 and February 9, 2014, and because NaphCare (prior to filing its answer on October 7, 2014) had not filed any response or motion to dismiss since being served, Cabrera is entitled to a default judgment. NaphCare responds that this Court cannot grant Cabrera's motion for a default judgment because NaphCare is not subject to this Court's jurisdiction. Having found that service was effective upon NaphCare as of September 30, 2014, the Court rejects NaphCare's jurisdictional argument and will now turn to the default judgment question.

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of default, which must be made by the clerk following a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is entry of a default judgment under Rule 55(b), a decision which lies within the discretion of the court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the

merits. Eitel, 782 F.2d at 1471-72. If an entry of default is made, the court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007).

The Court finds that there are not sufficient facts to grant an entry of default against NaphCare under Rule 55(a). As discussed in this order, service upon NaphCare was effective as of September 30, 2014 and NaphCare filed its answer on October 7, 2014. Thus, NaphCare is not in default in this action because it has not "failed to plead or otherwise defend" as required for an entry of default under Rule 55(a). Because an entry of default is not warranted at this time, there is no need to analyze whether a default judgment should be entered pursuant to Rule 55(b).

### III. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff Charles Cabrera's Motion for Default Judgment is DENIED.

IT IS FURTHER ORDERED that Defendant NaphCare, Inc. shall not be permitted to raise any defense(s) based upon lack of service in this action.

DATED this 21st day of November, 2014.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**