1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHARLES M. CABRERA,                       )
                                          )      Case No. 2:12-cv-00918-RFB-CWH
                           Plaintiff,     )
vs.                                       )      **ORDER**
                                          )
CLARK COUNTY DETENTION CENTER, *et al.*,  )
                                          )
                           Defendants.    )
_____ )

  This matter is before the Court on Plaintiff Charles M. Cabrera's ("plaintiff") motion to strike initial expert disclosure statement (doc. # 114), filed February 9, 2015, and Defendant Naphcare, Inc.'s ("defendant") response (doc. # 117), filed February 23, 2015.  Plaintiff did not file a reply

## BACKGROUND

  Plaintiff, proceeding pro se, is a prisoner in the custody of the Nevada Department of Corrections and currently incarcerated at the High Desert State Prison.  On July 19, 2012, the Court granted plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  See Doc. # 3.  The Court also entered a screening order finding that plaintiff had pled facts sufficient to support his Eighth Amendment claims for excessive force and deliberate indifference to his medical needs, and Fourteenth Amendment claim for due process.  Id.  Thereafter, the Court granted defendant a shortened discovery period of sixty (60) days, during which defendant served plaintiff an initial expert disclosure statement, along with supplements to that disclosure statement.  See Docs. # 106, #117-1, # 117-2. In the instant motion, plaintiff asks the Court to strike defendant's initial disclosure statement because

of various purported failures.  <u>See</u> Doc. # 114.

## **DISCUSSION**

### 1.   **Legal Standard**

Rule 26 of the Federal Rules of Civil Procedure ("FRCP") requires a party to disclose to the opposing party the "identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  <u>See</u> Fed. R. Civ. P.  26(a)(2)(A).  Generally, the disclosure of expert testimony is intended to allow the opposing party to have a reasonable opportunity to prepare for effective cross-examination and arrange for expert testimony from other witnesses.  <u>See</u> Adv. Comm. Notes to 1993 Amendments.  The federal rules contemplate two classes of experts:  (1) those "retained or specially employed" to give expert testimony in a case, and (2) those who are not retained or specially employed but, nevertheless, may provide expert testimony.  <u>See</u> <u>Elgas v. Colorado Belle Corp.</u>, 179 F.R.D. 296, 298 (D. Nev. 1998) (citing <u>Piper v Harnischfeger Corp.</u>, 170 F.R.D. 173, 174 (D. Nev. 1997)).  For experts "retained or specially employed," the disclosure requirements are as follows:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed R. Civ. P. 26(a)(2)(B).

Such requirements help eliminate unfair surprise and conserve resources.  <u>Elgas</u>, 179 F.R.D. at 299.  Indeed, Rule 26(a)(2)(B) makes clear that an expert report should be "sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions [] avoided, and costs... reduced."  <u>Id</u>.  However, these requirements are limited to "only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony."  <u>See</u> Adv. Comm. Notes to 1993 Amendments.  Thus, a treating physician, for example, can be deposed or called to testify at trial without any requirement for a written order."  <u>Id</u>.

2

The disclosure requirements of Rule 26(a)(2)(B) have, at times, led to tension regarding when disclosure is triggered.  To resolve this tension, the federal rules were amended in 2010 to add Rule 26(a)(2)(C), which requires certain disclosures regarding an expert witness who is not required to provide a written report.  Specifically, "if the witness is not required to provide a written report, the disclosure must state:  (i) the subject matter upon which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected testify."  See Fed. R. Civ. P. 26(a)(2)(C).  These disclosure requirements were added "to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions."  See Adv. Comm. Notes to 2010 Amendments.  The disclosures are designed to be "considerably less extensive" than those required under Rule 26(a)(2)(B) and, thus, courts "must take care against requiring undue detail."  Id.  Treating physicians or other health care professionals are primary examples of those who must be identified under Rule 26(a)(2)(A) and, by extension, provide disclosures pursuant to Rule 26(a)(2)(C), as they may testify as both a fact and expert witness.  See Adv. Comm. Notes to 2010 Amendments.

Under Rule 26(a)(2)(C), a treating physician is not retained or specially employed to provide expert testimony because he or she is a percipient witness of the treatment rendered.  See Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 819 (9th Cir. 2011).  The Ninth Circuit has provided guidance regarding when a report is required under Rule 26(a)(2)(B), holding that a treating physician need not submit a Rule 26(a)(2)(B) report when his or her opinions are formed during the course of treatment and limited to the scope of treatment rendered.  Id. at 826.  However, this does not end the Court's inquiry, as Rule 26(a)(2) requires specific disclosure of information by experts not required to provide a written report.  See Fed. R. Civ. P. 26(a)(2)(C).  As indicated earlier, when identifying experts who are not retained or specially employed, such as treating physicians, a party must state the "subject matter," along with "a summary of the facts and opinions," that the witness is expected to testify.  See Fed. R. Civ. P. 26(a)(2)(C).  In interpreting Rule 26(a)(2)(C), at least one district court has held that, whatever its precise meaning, "a 'summary' is ordinarily understood to be an 'abstract, abridgement, or compendium.'"  It therefore follows that a party "cannot comply with the

rule by disclosing the complete records of the treating physicians in issue." Kristensen ex rel. Kristensen v. Spotnitz, No. 3: 09-CV-00084, 2011 WL 5320686, at *2 (W.D. Va. Jun. 3, 2011).

**2.    Analysis**

Plaintiff asks the Court to strike defendant's initial disclosure statement on several grounds. Plaintiff first contends that Dr. Robert Jones ("Jones") failed to provide a list of cases in which he previously testified or was deposed, along with dates for when he testified in those cases. Plaintiff also contends that Jones failed to provide a re-certification date in violation of 29 U.S.C. § 2613(e). Plaintiff next contends that treating medical providers, Nurses Marieta Deramos and Melody Molinaro, along with Drs. Raymond Mondora, Ted C. Hanf, Francisco Macapagal Sanchez, Clement Herrod, Tela Wilson, James E. Holmes, Sr., and Joyce Chang, all failed to submit written reports as required by Rule 26 of the FRCP. Plaintiff further contends that these treating medical providers are in no position to testify, and questions their credibility and veracity as experts.

In response, defendant argues the instant motion should be denied because plaintiff did not meet and confer with defendant prior to filing the instant motion,[1] and defendant fully complied with the expert disclosure rules applicable to its initial disclosure statement. With respect to the latter, defendant explains that Jones is not required to submit dates for when he provided testimony, and Jones did submit a list of cases in which he testified as an expert, as required by Rule 26(a)(2)(B)(v). See Doc. # 117 at 7 (citing Doc. # 117-1 at 14). Defendant next argues that plaintiff erroneously relies on 29 U.S.C. § 2613(e) to assert that Jones failed to provide a re-certification date because § 2613(e) relates to a doctor's certification in support of a request for medical leave, not a re-certification with any medical licensing board to testify as an expert. Defendant also argues that treating medical providers whose testimonies are limited to opinions based on their treatment of plaintiff need not provide written reports under Rule 26(a)(2)(B). Additionally, defendant points out that none of the medical providers were retained specifically for the purpose of providing expert testimony. Defendant then argues it complied with Rule 26(a)(2)(C), as it disclosed both the subject matter of the potential

---

[1] The Court notes that unlike motions to compel responses to discovery requests, a meet and confer is not required prior to a motion for sanctions pursuant to Rule 37(c) of the FRCP, such as here. See Hoffman v. Construction Protective Services, Inc., 541 F.3d 1175, 1179 (9th Cir. 2008).

expert testimony and a brief summary of facts and opinions the witness is expected to testify. Defendant further contends that plaintiff's assertions and challenges to the qualification, knowledge, and veracity of defendant's disclosed experts is inappropriate in the instant case, and should be reserved for motions in limine, voir dire, or cross examination of the expert at trial.  After all, per defendant, Rule 26(a)(2)(B)'s purpose is to prevent unfair surprise to the opposing party, not to allow the opposing party to contest the subject matter of the content disclosed.  Defendant adds that any deficiencies in the initial disclosures were substantially justified or harmless, and striking the disclosures would not be an appropriate remedy.  Plaintiff did not reply to defendant's opposition.

This Court agrees with defendant, and finds that defendant did not engage in any misconduct that would justify striking the initial disclosure statement.  Jones was neither required to provide dates for when he testified, nor required to provide a re-certification with any medical licensing board to testify as an expert.  The Court also finds that defendant provided sufficient information in its initial disclosure statement, as required by Rule 26(a)(2)(B) and Rule 26(a)(2)(C) of the FRCP.  Moreover, the Court finds that plaintiff's attacks on the treating medical providers' credentials, credibility, and veracity are more appropriately raised at trial rather than in a motion questioning the adequacy of defendant's initial disclosures.  As such, the Court denies plaintiff's motion.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion to strike initial expert disclosure statement (doc. # 114) is **denied**.

DATED: April 20, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**